**Investors Loan Corporation of Gettysburg v. Perez**

*Ronald J. Hagarman,* for plaintiff.

*Donald S. Marritz,* for defendant.

MacPHAIL, *P.J.,* April 23, 1975—On February 5, 1975, judgment was confessed by plaintiff against defendants above-named on a promissory note dated January 20, 1961, in the principal sum of $600. On February 21, 1975, defendant Mary L. Perez filed a petition to strike and a petition to open the judgment. A rule was issued as of course upon the plaintiff to show cause why the judgment should not be stricken and/or opened. This rule was returnable March 21, 1975. We also directed that the matter would be heard on the return day. On March 20, 1975, plaintiff filed a complaint to enter judgment by confession. On the same date,

plaintiff filed an answer to the petition to open and/or strike the judgment. On March 21, we took testimony and granted ten days leave to counsel to file a memorandum of law.

Defendant's petition to strike avers that the confession of judgment was not entered in accordance with the provisions of Pa. R.C.P. 2962, that the note is more than ten years old, that plaintiff failed to comply with the provisions of the rules of civil procedure applicable to the confession of judgment and that the note does not disclose a knowing, voluntary and intelligent relinquishment of constitutional rights by defendant, who is alleged to be a person whose yearly income was less than $10,000 at the time the note was executed. Defendant's petition to open avers that the note is more than ten years old, that it fails to show that defendant had a yearly income in excess of $10,000, or that defendant knowingly, voluntarily and intentionally waived her constitutional rights to due process of law, that the note is unenforceable because of the applicable statute of limitations and that the affidavit of due execution of the note was sworn to by an individual who had no personal knowledge of the facts.

Plaintiff admits that its procedure in this matter did not conform to the rules of civil procedure relating to the confession of judgment for money (Pa. R.C.P. 2950-2962, inclusive). However, with the filing of the complaint, defendant admits that the procedural defects have been cured. There remains then for our disposition two important substantive issues: (1) the effect of Swarb v. Lennox, 405 U.S. 191, 92 S. Ct. 767, 31 L. Ed.2d 138 (1972), upon the facts of this case, and (2) the application of the statute of limitations to the facts of this case.

It is not easy to ascertain the present law in Pennsylvania with respect to judgments taken by confession. See explanatory comment of Committee on Rules of Civil Procedure to the Rules for Confession of Judgment. Since Swarb v. Lennox, supra, the appellate courts have limited their decisions with respect to confessed judgments to the very narrow issues presented to them and to the very narrow factual situations presented to them. The Supreme Court of Pennsylvania has limited the amendments to the rules of civil procedure relating to the confession of judgment since Swarb v. Lennox to those aspects of procedure mentioned in that case. It appears as though the courts are waiting for the legislature to act and the legislature would prefer to have the courts wrestle with the problem rather than enact controversial legislation. This is a most unsatisfactory climate for commercial and consumer interests to cope with and for justice to be properly administered.

As we perceive the law under Swarb v. Lennox, supra, a confession of judgment against an individual having a yearly income of under $10,000 is constitutionally impermissible unless it is shown that the individual understandingly, intentionally and voluntarily waived his right to due process of law. Among other problems, we are very uncertain about how such matters should be plead. Who has the burden of proof and who has the burden of going forward with the evidence? Is a defendant merely required to allege that at the time the instrument was executed he had an income of less than $10,000 and, upon that allegation alone, the judgment must be opened? In what manner does a legitimate consumer-creditor protect himself from such dire consequences? Must the courts litigate

every promissory note where judgment is confessed and this defense is raised?

With very little to guide us, we will proceed to the matter at hand. Defendant avers in her petition that her income, either alone or with the other defendant's (her husband), never exceeded $10,000 (paragraph 20). Plaintiff answers by demanding proof. At the hearing, defendant testified that neither she nor she and her husband together had ever made $10,000 in any one year. This testimony was not contradicted. Defendant further averred that she did not knowingly or voluntarily empower any attorney to confess judgment against her (paragraph 16). Plaintiff again answers by demanding proof. Defendant testified that she did not know and still does not know what a confessed judgment or a warrant of attorney is. That testimony was not contradicted. We have no difficulty in concluding that the case is within the scope of and controlled by Swarb v. Lennox, supra.

Defendant avers that, since plaintiff's complaint did not state either that defendant's income was over $10,000 or that she had effectively waived her constitutional rights to due process, the judgment must be stricken. Recent appellate cases are to the effect that cognovit clauses are not, per se, violative of due process: D. H. Overmyer Co., Inc. v. Frick Company, 405 U.S. 174, 92 S. Ct. 775, 31 L. Ed.2d 124 (1972), and International Equity Corp. v. Pepper and Tanner, Inc., 222 Pa. Superior Ct. 118, 293 A.2d 108 (1972).[1] In any event, with the

---

1. It may or may not be significant that Judge Spaulding, writing for a unanimous court in International Equity Corporation v. Pepper, said (at p. 118) that the court would not reach the question of whether Pennsylvania cognovit statutes are constitutional as to *individuals not* in the class delineated in Swarb v. Lennox.

law in its present state and with no rules of procedure to guide us, we are not prepared to say that the plaintiff must make those averments in the complaint. Pa. R.C.P. 2952 sets forth the requirements for the complaint. Until that rule is amended, we would be outside the scope of our authority if we required such information to be included therein. Accordingly, the motion to strike must be denied but the petition to open will be granted.[2]

Normally, in actions ex contractu the statute of limitations for bringing an action is six years from the date the cause of action arose: Act of March 27, 1713, 1 Sm.L. 76, sec. 1, 12 P.S. §31. On September 11, 1963, the last payment was made on the note in this case and therefore more than six years would have expired. However, plaintiff argues that the note is under seal. This being a specialty, the plaintiff then argues that the six-year limitation does not apply. The note in question bears the printed letters "L.S." in parenthesis. Those letters appear immediately to the right of the signatures of both defendants. There is no statement in the note preceding the signatures that a seal has been affixed or adopted by defendants. Defendant has attached to her memorandum of law submitted in this matter two recent unreported cases in Allegheny County holding that the use of the word "seal" or the letters "L.S.," even when preceded by the words "witness my/our hand and seal," are insufficient to make the contract one under seal: Associates Consumer Discount Company v. Jeffress,

---

2. The petition was promptly filed, there is a clear showing of a meritorious defense and we are satisfied that there were justifiable circumstances which prevented the filing of the petition prior to the date it was filed: 7 Standard Pa. Pract., "Opening Judgments," §43.

No. 2800 of 1974, decided January 30, 1974, and Associates Consumer Discount Company v. Gabriel, No. 7177 of 1973 (Arbitration Docket) (the opinion bears no date). In a scholarly opinion of much earlier vintage, a lower court in Pennsylvania held that the printed letters "L.S." following the signature of the defendant does not constitute an instrument under seal: Bennett v. Allen, 10 Pa. C.C. 256 (1891). We can find no appellate cases in Pennsylvania specifically on this point. Section 97 of Restatement, Contracts, provides that an instrument is under seal if the promisor affixes or impresses the seal on the document or adopts the seal already thereon. Section 98(1) of Restatement, Contracts, provides that one who delivers a written promise to which a seal has been previously affixed or impressed with apparent reference to his signature thereby adopts the seal. However, as pointed out in Bennett v. Allen, supra, the letters "L.S." really do not mean "seal" but rather "the place of the seal.": Ballentine's Law Dictionary, p. 758 (3rd ed. 1969). There is a split of authority as to whether the mere placing of something on the instrument intended to be a seal without some expression in the instrument indicating that what was placed there was intended to be a seal. See 68 Am. Jur. 2d, "Seals," §3.

In view of the foregoing discussion, we will refuse to strike the judgment but will grant the motion to open the judgment so that we may determine whether defendant adopted a seal and whether the letters "L.S." were intended to be a "seal."

## ORDER

And now, April 23, 1975, the petition to open the judgment in the above matter is hereby granted. Subsequent proceedings in this case will be governed by the provisions of Pa. R.C.P. 2960.